UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS JOE'S PIZZA, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAMOUS JOE'S PIZZA OF THE VILLAGE, INC. a New York corporation, VICTOR ZARCO, an individual, JOHN AND JANE DOES 1-10, and JOHN DOE CORPORATIONS 1-10,<br><br>Defendants. | ECF CASE<br><br>Civil Action No. 1:17-cv-6541 (BMC)<br><br>**DEFENDANTS FAMOUS JOE'S PIZZA OF THE VILLAGE, INC. AND VICTOR ZARCO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTER-CLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| FAMOUS JOE'S PIZZA OF THE VILLAGE, INC. a New York corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>FAMOUS JOE'S PIZZA, INC., a New York corporation,<br><br>Counter-Defendant. | |

Defendants Famous Joe's Pizza of the Village, Inc. and Victor Zarco, on behalf of themselves and no other defendants (collectively, "Defendants"), answer the Amended Complaint of plaintiff Famous Joe's Pizza, Inc. ("Plaintiff") as follows:

1

## INTRODUCTION

Hundreds of unaffiliated "Joe's Pizza" slice shops exist in the US and around the globe, and Plaintiff's was not the first.  Since founder Pino Pozzuoli decided to switch his business name from "Pino's Pizza" to "Joe's Pizza" in 1975 he has found success thanks in no small part to the "pizza men" like defendant Zarco, who threw the dough and made the pies. Zarco worked 15 years at Plaintiff's former Bleecker Street pizzeria without a contract before opening his own shop.

Plaintiff's lawsuit is based around a limited trademark registration consisting of a stylized logo of the name "Joe's Pizza."  The name "Joe's Pizza," by itself, is too generic for trademark protection.  Zarco put up a sign in October of 2017 that was too close to Plaintiff's stylized logo. He has taken that sign down and that should have ended this matter, but it hasn't.  The Pozzuoli family now demands that they have approval and control over the way Zarco advertises and markets his business, but actually their real goal is to shut Zarco down and move into his territory.  Defendants have filed a counterclaim (see below) seeking declaratory relief determining once and for all that Plaintiff doesn't own the name "Joe's Pizza" and preventing Plaintiff from seeking to control Zarco's marketing and advertising.

In one of its prior lawsuits, Plaintiff lost its bid to prevent another former employee from calling his independent slice shops "Joe's Pizza." Plaintiff also failed in that case to prove it owned its stylized sign as a matter of law, because it used so many different signs without consistency.  But that case hasn't stopped Plaintiff from continuing to throw its litigious pizza dough against the walls of other pizzerias, including Defendants', to see what sticks.

With this vindictive and petty lawsuit, Plaintiff also seeks to silence Mr. Zarco about his 15 years working for them as a pizza man and in other capacities, trying to erase key parts of his resumé. Plaintiff had no problem with Mr. Zarco working an average of 60 hours per week,

2

sometimes for months on end with no days off. In this grueling and cruel work regimen, Mr.

Zarco learned everything there is to know about the art of making pizza. But now Plaintiff has a

problem with Mr. Zarco telling anyone about his hard won expertise as a pizza man, about how

he worked as pizza man on the days when *Spider-Man* and *Sex & the City* were using Plaintiff's

former establishment on Bleecker Street as a location.  Plaintiff wants to prevent Zarco from

mentioning any of that history, or using pictures of the star of *Spider-Man,* Tobey Maguire,

hugging Mr. Zarco's young son and daughter, who were extras on the set, during a break in

filming.

Plaintiff makes much of the *Spider-Man* filmmakers use of its pizzeria as a location for

the opening scene.  The filmmakers were looking for a pizzeria with a generic name that makes

generic pizza and they found Plaintiff.  The film got a lot of things wrong about Plaintiff's Joe's

Pizza, like that it serves Chicago-style deep dish pizza and that delivery men used bikes. But one

thing Spider-Man got 100% right in the opening scene was Plaintiff's mean-spirited and

miserable abuse of employees. Nothing proves that more than this lawsuit.

## THE PARTIES

1.  Defendants deny that Plaintiff has a protectible interest in the name "Joe's Pizza"
    and admit the remainder.

2.  Admitted.

3.  Defendants admit that Zarco is a natural person, manager and principal

shareholder of Famous Joe's Pizza of the Village, Inc. Defendants deny the remainder of

paragraph 3, including that any tortious or infringing acts have occurred for which Zarco can be

held individually liable.

3

4.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis, deny said allegations.

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis, deny said allegations.

<u>**JURISDICTION AND VENUE**</u>

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

<u>**BACKGROUND**</u>

10.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis, deny said allegations.

11.     Defendants admit only (1) that on or around 1996, Pozzuoli opened a second location at 7 Carmine St., (2) that Plaintiff used inconsistent signage throughout its years of operation, (3) that a photograph of the Bleecker St. location is displayed inside, and (4) that Plaintiff continues to operate the Carmine St. location. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 11, and on that basis, deny said allegations.

12.     Defendants admit only that Plaintiff closed the original 233 Bleecker St. location. Defendants deny the remainder of the paragraph for lack of information. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 12, and on that basis, deny said allegations.

13.     Defendants deny the allegations of paragraph 13, including that its mark has acquired any distinctiveness, except that they admit that Pino Pozzuoli Jr. currently manages Plaintiff's operations.

14.     Defendants admit that the exhibit speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14, and on that basis, deny said allegations.

15.     Defendants admit that the exhibit speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 15, and on that basis, deny said allegations.

16.     Defendants admit that the exhibit speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 16, and on that basis, deny said allegations.

17.     Defendants admit that the exhibit speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 17, and on that basis, deny said allegations.

18.     Defendants admit that Plaintiff's restaurant has been used as a backdrop and/or set for film and television productions, seeking a stand-in for a generic New York pizzeria. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 18, and on that basis, deny said allegations.

19.     Defendants deny that the use of Plaintiff's pizzeria for the Spider-Man film was "extensive." Plaintiff's allegations exaggerate and mischaracterize the role of its pizzeria as a backdrop in the film. Defendants further admit that the photos speak for themselves. Defendants

27384-00002/2920084.10

lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 19, and on that basis, deny said allegations.

20.     Defendants deny that the photograph identifiably depicts Plaintiff's pizzeria. Defendants admit the remainder of the paragraph.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis, deny said allegations.

22.     Defendants admit that the photograph speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 22, and on that basis, deny said allegations.

23.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis, deny said allegations.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis, deny said allegations.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis, deny said allegations.

26.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis, deny said allegations.

27.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis, deny said allegations.

28.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis, deny said allegations.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis, deny said allegations.

30.     Admitted.

31.     Defendants admit that the photographs of Plaintiff's signage speak for themselves. Defendants deny that Plaintiff has used the depicted signage consistently. Plaintiff's legal contentions regarding its legal rights in any common law or registered trademarks are not factual contentions that  Defendants must admit or deny.

32.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis, deny said allegations.

33.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis, deny said allegations.

34.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis, deny said allegations.

35.     Defendants deny that the trademark depicted is Plaintiff's "long used" trademark. Defendants admit that the referenced trademark is registered. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 35, and on that basis, deny said allegations.

36.     Defendants admit that the referenced trademark is registered. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 36, and on that basis, deny said allegations.

37.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37, and on that basis, deny said allegations.

38.     Defendants admit only that Zarco worked at Plaintiff's pizzeria from 1989 to 2004 without an employment contract designating the specific entity or person employing him. Defendants admit that Zarco opened Famous Joe's Pizza of the Village in 2004, and that Plaintiff

knew, and impliedly consented to his actions, until purporting to belatedly revoke consent. Defendants deny that Zarco opened a second location at 483 5th Avenue, as such address is the location of Zarco's first, not second, pizzeria. Defendants deny the remainder of the paragraph.

39.     Defendants admit that neither Mr. Pozzuoli nor Zarco is called  "Joe," as Pino Pozzuoli, Sr. and Pino Pozzuoli Sr. go by "Pino" not "Joe".  Defendants deny the remainder of the paragraph.

40.     Defendants admit only that the picture speaks for itself.

41.     Defendants admit only that the picture speaks for itself.

42.     Defendants admit only that the picture speaks for itself. Defendants deny the remainder of the paragraph, including specifically denying that Defendants acted with intent to cause consumer confusion or that Defendants have actually caused any consumer confusion.

43.     Defendants admit only that the pictures speak for themselves. Defendants deny that their signage is substantially similar to Plaintiff's, or that they required Plaintiff's permission to adopt the signage.

44.     Defendants admit only that the photograph speaks for itself. Defendants deny that they attempted to confuse any consumers or that any actual consumer confusion has resulted from the display of the photographs at issue.

45.     Defendants admit they have a website at the URL www.joespizzaofthevillage.com and that the website contains truthful nominative references to Plaintiff. Defendants deny that it incorporates any protected mark belonging to Plaintiff or that Defendants needed Plaintiff's permission to post anything that is currently on Defendants' website.

46.     Defendants admit that Exhibit H speaks for itself and that their website contains truthful nominative references to Plaintiff.

27384-00002/2920084.10

47.     Defendants admit that Exhibit I speaks for itself. Defendants deny that any social media pages under their control incorporate any protected mark belonging to Plaintiff.

48.     Denied.

49.     Defendants deny the allegations in paragraph 49, except that it admits that "of the village" is a reference to the place where Zarco honed his pizza-making expertise, Greenwich Village.

50.     Denied.

51.     On information and belief, Defendants deny that Pino Pozzuoli Jr. has ever used the name "Joe" except in this litigation. Defendants admit that Pino Pozzuoli Jr. visited Defendants' pizzeria in 2012 but deny that Defendants undertook any action that could reasonably lead Mr. Pozzuoli to believe that Defendants intended to change the name of the restaurant. To the contrary, Mr. Pozzuoli indicated that irrespective of whether he affirmatively approved of Defendants' actions, he did not intend to interfere with Defendants or undertake any legal action against Defendants.

52.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52, and on that basis, deny said allegations.

53.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 53, and on that basis, deny said allegations.

54.     Defendants lack knowledge and information concerning the alleged "customer" that "alerted" Mr. Pozzuoli about Defendants' signage sufficient to form a belief as to the truth of this allegation, and on that basis, deny said allegation. Defendants admit only that they received a cease and desist letter from Plaintiff's counsel on or around October 18, 2017 and that Defendants' counsel sent the email quoted to Plaintiff's counsel. Since that time, the engagement

process has been completed, and Defendants deny Plaintiff's allegation that there has been no further response by Defendants' counsel to Plaintiff's counsel.

55.     Defendants deny that Plaintiff and consumers have been harmed or damaged in any way by Defendants. Defendants further deny Plaintiff's insinuation that Defendants' pizza is inferior to Plaintiff's. The allegedly negative review by Ava A. is not included in Exhibit K, and Defendants lack sufficient information to admit or deny the truth of Plaintiff's allegation and therefore deny it. Defendants' pizza is, in fact, superior to Plaintiff's. Defendants further admit that Exhibit K speaks for itself and deny the remainder of the paragraph.

56.     Defendants deny Plaintiff's assertion that Defendants' "Certificate of Excellence" has any relationship to its false accusations of consumer confusion. Defendants admit that Exhibit L speaks for itself and deny the remainder of the paragraph.

57.     Denied.

## ANSWER TO COUNT 1

58.     Paragraph 58 constitutes a legal assertion that Defendants are not obligated to admit or deny.

59.     Defendants reassert their responses to paragraph 1-57 of Plaintiff's Amended Complaint as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

10

66.    Denied.

67.    Denied.

**ANSWER TO COUNT II**

68.    Paragraph 68 constitutes a legal assertion that Defendants are not obligated to admit or deny.

69.    Defendants reassert their responses to paragraphs 1-57 of Plaintiff's Amended Complaint as if fully set forth herein.

70.    Denied.

71.    Defendants admit Plaintiff has no control over the quality of the food or service at Defendants' establishments. Because Defendants are free from Plaintiff's control, they have been able to innovate, expand their menu and serve better pizza than Plaintiff does. Defendants deny the remainder of Paragraph 71.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

**ANSWER TO COUNT III**

76.    Paragraph 76 constitutes a legal assertion that Defendants are not obligated to admit or deny.

77.    Defendants reassert their responses to paragraphs 1-57 of Plaintiff's Amended Complaint as if fully set forth herein.

78.    Defendants admit that they maintain a website at joespizzaofthevillage.com. Defendants deny that Plaintiff has a valid trademark with respect to the URL.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## ANSWER TO COUNT IV

83.     Defendants reassert their responses to paragraphs 1-57 of Plaintiff's Amended Complaint as if fully set forth herein.

84.     Denied.

85.     Defendants deny that they required Plaintiff's permission to engage in any of the conduct complained of, but admit that Plaintiff knew of Defendants' conduct and elected not to act for a period of up to 13 years.  Defendants deny that Plaintiff has been harmed in any manner or in any amount.

86.     Denied.

87.     Denied.

## ANSWER TO COUNT V

88.     Defendants reassert their responses to paragraphs 1-57 of Plaintiff's Amended Complaint as if fully set forth herein.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

27384-00002/2920084.10

95. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred by the equitable doctrine of *laches*.

### THIRD AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred by waiver.

### FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims are barred by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

101. The Complaint should be dismissed as being barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

102. Plaintiff has consented to and/or licensed the use complained of.

### EIGHTH AFFIRMATIVE DEFENSE

103. Plaintiff acquiesced in the conduct complained of.

### NINTH AFFIRMATIVE DEFENSE

104. The scope of Plaintiff's rights in and to the marks, if any, is not broad enough to preclude Defendants' use of the trademarks at issue.

27384-00002/2920084.10

### TENTH AFFIRMATIVE DEFENSE

105.     Plaintiff's claims and Complaint are barred in whole or in part, because Plaintiff has failed to mitigate its damages.

### ELEVENTH AFFIRMATIVE DEFENSE

106.     Plaintiff's claims or damages, if any, are limited by Defendants' innocent intent.

### TWELFTH AFFIRMATIVE DEFENSE

107.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong.

### THIRTEENTH AFFIRMATIVE DEFENSE

108.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

109.     The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

110.     Defendants reserve the right to assert any other such affirmative defenses in the event that further investigation and discovery indicates that they are proper.

## DEFENDANT FAMOUS JOE'S PIZZA OF THE VILLAGE'S COUNTER-CLAIM

Defendant Famous Joe's Pizza of the Village, Inc. ("FJPV") counter-claims against Plaintiff Famous Joe's Pizza, Inc., founded by Pino Pozzuoli (hereinafter "Counter-Defendant") as follows:

## INTRODUCTION

Counter-Defendant seeks to permanently enjoin FJPV from using the name "Joe's Pizza," and from using the generic words "famous" and "of the village" in connection with his restaurant. (Amended Complaint at Prayer for Relief D, E.) Counter-Defendant also unsuccessfully sought to preclude FJPV from using the phrase "since 2004" in its request for a preliminary injunction. However, Counter-Defendant has no right to preclude anyone from using the name Joe's Pizza. Counter-Defendant has already once attempted to enjoin a restaurant from using the name "Joe's Pizza," and its claim was soundly rejected. FJPV seeks a declaratory judgment that notwithstanding the status of any of Counter-Defendant's stylized marks, Counter-Defendant has no right to enjoin FJPV, or anyone, from using the restaurant name "Joe's Pizza," or the generic words "famous," "of the village," or "since 2004" (collectively the "generic words").

## PARTIES

111.    Counter-Defendant is a corporation organized and existing under the laws of the State of New York, with a principal place of business in New York, New York.

112.    FJPV is a corporation organized and existing under the laws of the State of New York, with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

113.    The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1338(a).

15

114.    The Court has personal jurisdiction over Counter-Defendant by virtue of its

consent to jurisdiction and because Counter-Defendant is a New York corporation doing

business in New York.

115.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), (c)(2),

because Counter-Defendant resides in New York and is subject to the personal jurisdiction of the

Eastern District of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

116.    FJPV has used "Joe's Pizza" in its name since opening in 2004.

117.    FJPV and Counter-Defendant are only two of more than 30 pizzerias in New

York called "Joe's" pizza or "Joe's" pizzeria, and more than 100 nationwide, none of which are

affiliated with either FJPV or Counter-Defendant. It is a generic name employing a proper noun,

and is not a protectible trademark under statutory or common law. Counter-Defendant's name is

as generic as the pizza they serve, which is the same style of New York pizza found in thousands

of other pizzerias worldwide. Counter-Defendant does not dispute that other pizzerias called

"Joe's Pizza" or "Joe's Pizzeria" that Pino Pozzuoli, Sr. does not own have existed for years and,

in some cases, decades. For example, Joe's Pizzeria and Restaurant, currently located on

Flushing Avenue, in Queens, near Brooklyn, claims to have been operating since 1970 and has

been utilizing a script font style for the name "Joe's" that is substantially similar to that of

Counter-Defendant. A far higher likelihood of confusion among customers exists between

Counter-Defendant's pizzeria and the "Joe's" pizzeria in Queens that pre-dates it, than with

FJPV's pizzeria. Below is a picture of Joe's Pizzeria and Restaurant's signage:

16



118.    Similarly, Joe's Pizza on 211 8th Avenue not only utilizes the name Joe's Pizza,

but has a sign which is arrayed similarly to Counter-Defendant's:



17

119.     Counter-Defendant's amended complaint seeks to enjoin FJPV from using the name "Joe's Pizza" entirely. (See Amended Complaint, Prayer for Relief E.)

120.     Counter-Defendant's amended complaint also seeks to enjoin FJPV from using the words "famous" and "of the village" entirely. (See Amended Complaint, Prayer for Relief D.)

121.     Counter-Defendant's memorandum of law in support of its request for a preliminary injunction similarly claims that "Joe's Pizza," even outside of the stylized marks Plaintiff registered as a trademark, is "Plaintiff's Mark." (Plaintiff's Memo of Law, ECF No. 9, at p. 20.)  Counter-Defendant also sought to enjoin FJPV from using the phrase "since 2004" in connection with his business.

122.     However, Counter-Defendant specifically avoided requesting a preliminary injunction enjoining Defendants from using the name Joe's Pizza. Plaintiff likely avoided injecting the issue of the bare name "Joe's Pizza" into the preliminary injunction phase because it has raised this issue in suits against other pizzerias and seen its claim to "Joe's Pizza" thoroughly and unambiguously rejected.

123.     The question of the use of the name "Joe's Pizza" was raised by Counter-Defendant in a case they filed against "Joe's Pizza of Bleecker St." and its owner, Giuseppe Vitale. Vitale moved for summary judgment on Counter-Defendant's claim that it could block Vitale and his pizzeria from using the name "Joe's Pizza." The Court granted summary judgment for Vitale's pizzeria on that issue.

124.     "Joe's Pizza" is not a protectible name. It is a combination of a proper name and a generic term. Dozens of pizzerias use the name, including some that predate Counter-Defendant.

Nevertheless, Counter-Defendant continues to press the argument that it can preclude FJPV (and others) from using the name "Joe's Pizza."

125.    Similarly, the words "famous" and "of the village" are generic, not distinctive to Counter-Defendant and not the exclusive commercial or intellectual property of Counter-Defendant.

126.    Some of Counter-Defendant's signs and advertising materials use the phrase "Since 1975" to denote the date when Counter-Defendant's pizzeria was founded.

127.    Counter-Defendant claims Zarco's use of the common phrase "Since 2004" on signs and in advertising of his business infringes on Counter-Defendant's trademark rights or constitutes unfair competition. (First Amended Complaint at ¶ 43),

128.    Counter-Defendant does not contest the accuracy of "Since 2004" in describing when Zarco founded his current pizza business.

129.    Nor does Counter-Defendant contest that other pizzerias called "Joe's Pizza" or "Joe's Pizzeria" in or near New York, that Counter-Defendant does not own, were founded prior to 1975, when Counter-Defendant claims to have first opened his business.  The picture displayed in Paragraph 117 above shows one such "Joe's Pizza" in New York that predates Counter-Defendant's "Joe's Pizza".

130.    Similarly, a Joe's Pizza located at 117 Main St in Whitesboro, New York, 13492, unaffiliated with any party in this action, displays a sign that states "Since 1964". Its website domain name is listed as "theoriginaljoespizza.com" also substantiating the claim that it predates Pino's "Joe's Pizza":



131.    Additionally, Joe's Pizza located at 23 Locust Avenue in New Canaan, Connecticut, 06840, unaffiliated with any party in this action, displays a logo with the phrase "Since 1967".  Its website tells a history of the establishment founded "at a time when Richard Nixon was still the president" and states that the same family business continues to this day, with the following logo:



20

**COUNT I**

(Declaratory Relief – By FJPV against Counter-Defendant)

132.     FJPV incorporates by reference paragraphs I through 131 above as though fully set forth herein.

133.     There is a substantial justiciable controversy between the parties which is present, existing and continuing concerning FJPV's right to utilize the phrase "Joe's Pizza" in connection with its business. The controversy is the proper subject for declaratory relief. A judicial declaration is necessary and appropriate at the present time so that the parties may ascertain their respective rights, duties and obligations consistent with FJPV's allegations as set forth above.

134.     By reason of the foregoing, FJPV contends that it is entitled to a declaration from this Court that Cross-Defendant has no exclusive rights whatsoever in the use of the name "Joe's Pizza" in connection with its pizza businesses.

**COUNT II**

(Declaratory Relief – By FJPV against Counter-Defendant)

135.     FJPV incorporates by reference paragraphs I through 131 above as though fully set forth herein.

136.     There is a substantial justiciable controversy between the parties which is present, existing and continuing concerning FJPV's use of the words "famous," "of the village" and "since 2004." The controversy is the proper subject for declaratory relief. A judicial declaration is necessary and appropriate at the present time so that the parties may ascertain their respective rights, duties and obligations consistent with FJPV's allegations as set forth above.

137.     By reason of the foregoing, FJPV contends that it is entitled to a declaration from this Court that Counter-Defendant has no exclusive rights whatsoever in the use of "famous," "of the village" and "since 2004" in connection with its pizza businesses.

**WHEREFORE**, the Defendants and Counter-Claimant pray for judgment as follows:

1.      That Plaintiff takes nothing by its Complaint;

2.      That the Court issue a declaration that:

     a.      FJPV is legally permitted to refer to itself, and utilize the name "Joe's Pizza" in all respects;

     b.      FJPV is legally permitted to utilize the phrase "Since 2004" on signs and advertising of its current pizza business.

     c.      None of the parties have a legally protectible interest in the name "Joe's Pizza" sufficient to preclude any of the other parties from operating a pizzeria under the name "Joe's Pizza."

3.      That Defendants recover their costs and reasonable attorneys' fees to the extent allowable by law; and

4.      Such other and further relief in favor of Defendants as this Court deems just and proper.

27384-00002/2920084.10

DATED:     January 5, 2018     LAW OFFICE OF SCOTT A. STEINBERG
     Scott A. Steinberg
     ssteinberg@saslawfirm.net
     167 Willis Avenue, Suite 1
     Mineola, New York 11501
     Tel.:  516-739-9600

     GREENBERG GLUSKER FIELDS CLAMAN &
     MACHTINGER LLP


By:   */s/ William I. Hochberg*
     WILLIAM I. HOCHBERG (Cal. SBN 150625)
     WHochberg@GreenbergGlusker.com
     IRA M. STEINBERG (Cal. SBN 273997)
     ISteinberg@GreenbergGlusker.com
     1900 Avenue of the Stars, Suite 2100
     Los Angeles, CA 90067-4950
     Tel.:  310-553-3610
     Attorneys for Defendants and Counter-Claimant
     FAMOUS JOE'S PIZZA OF THE VILLAGE,
     INC. and VICTOR ZARCO

27384-00002/2920084.10

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Defendant and Counter-Claimant Famous Joe's Pizza of the Village, Inc. and Defendant Victor Zarco demand a trial by jury on all issues so triable.

DATED: January 5, 2018   LAW OFFICE OF SCOTT A. STEINBERG
            Scott A. Steinberg
            ssteinberg@saslawfirm.net
            167 Willis Avenue, Suite 1
            Mineola, New York 11501
            Tel.:  516-739-9600

            GREENBERG GLUSKER FIELDS CLAMAN &
            MACHTINGER LLP

            By: */s/ William I. Hochberg*
              WILLIAM I. HOCHBERG (Cal. SBN 150625)
              WHochberg@GreenbergGlusker.com
              IRA M. STEINBERG (Cal. SBN 273997)
              ISteinberg@GreenbergGlusker.com
              1900 Avenue of the Stars, Suite 2100
              Los Angeles, CA 90067-4950
              Tel.:  310-553-3610
              Attorneys for Defendants and Counter-Claimant
              FAMOUS JOE'S PIZZA OF THE VILLAGE,
              INC. and VICTOR ZARCO

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2018, the foregoing document entitled

**DEFENDANTS FAMOUS JOE'S PIZZA OF THE VILLAGE, INC.'S AND VICTOR**

**ZARCO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTER-**

**CLAIM** was filed with the Clerk of the Court and served in accordance with the Federal Rules

of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules

on Electronic Service upon the following parties and participants:

Maria Savio, Esq.                          Attorneys for Plaintiff and Counter-Defendant
Gottlieb, Rackman & Reisman, P.C.          Famous Joe's Pizza, Inc.
270 Madison Avenue
New York, NY 10016

DATED:        January 5, 2018              LAW OFFICE OF SCOTT A. STEINBERG
                                               Scott A. Steinberg
                                               ssteinberg@saslawfirm.net
                                               167 Willis Avenue, Suite 1
                                               Mineola, New York 11501
                                               Tel.:     516-739-9600

                                           GREENBERG GLUSKER FIELDS CLAMAN &
                                           MACHTINGER LLP
                                               William I. Hochberg, Cal. SBN 150625
                                               WHochberg@GreenbergGlusker.com
                                               Ira M. Steinberg, Cal. SBN 273997
                                               ISteinberg@GreenbergGlusker.com
                                               1900 Avenue of the Stars, Suite 2100
                                               Los Angeles, CA  90067-4950
                                               Tel.:     310-553-3610
                                               Attorneys for Defendants and Counter-Claimant
                                               FAMOUS JOE'S PIZZA OF THE VILLAGE,
                                               INC. and VICTOR ZARCO


                                    _____
                                           */s/ Ira M. Steinberg*
                                               Ira M. Steinberg

25

27384-00002/2920084.10